

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 18, 1950

Dr. J. W. Edgar, Commissioner
Texas Education Agency
Austin, Texas

Attention: Hon. L. A. Woods

Opinion No. V-1090.

Re: Authority of Independ-
ent School District
Board through its Treas-
urer to place bond pro-

Dear Sir:　　　　　　ceeds on time deposit.

You have requested an opinion on the author-
ity of the Carrizo Springs Independent School District
Board to place on time deposit money secured from bond
sales.

Information contained in your request reflects
that:

The Union State Bank, Carrizo Springs, is the
duly qualified treasurer of the Independent School Dis-
trict. The district has properly voted, issued, and
sold bonds to obtain funds with which to purchase land
and construct school buildings. About $200,000.00 from
this bond sale will not be needed for an estimated pe-
riod of six months due to title defects that must be
cured in some land which the Board proposes to purchase.
This $200,000.00 is now on deposit with the Union State
Bank, which is the treasurer for the Independent School
District. The School Board has requested the Bank, in
its capacity as treasurer of school funds, to accept
this bond money for deposit in interest-bearing, non-
checking time deposit accounts by virtue of the Bank's
bid to act as treasurer. This the Bank refused to do.

Article 2832, V.C.S., provides in part:

"In any independent district of more
than. . . (150) scholastics, whether it be
in a city which has assumed control of the

schools within its limits, or a corporation
for school purposes only, and whether organ-
ized under general law or created by special
act, the treasurer of the school fund shall
be that person or corporation who offers sat-
isfactory bond and the best bid of interest
on the average daily balances for the privi-
lege of acting as such treasurer. The treas-
urer when thus selected shall serve for a
term of two years and until his successor
shall have been duly selected and qualified
and he shall be required to give bond in an
amount equal to the estimated amount of the
total receipts coming annually into his hands,
when such bond is a personal bond; provided,
that when a bond is executed by a surety com-
pany or is a bond other than a personal bond,
such bond shall be in an amount equal to the
highest estimated daily balance for the cur-
rent biennium to be determined by the govern-
ing body of such school district; . . .

". . . Said bond shall be payable to the
president of the board and his successors in
office, conditioned for the faithful discharge
of the treasurer's duties and the payment of
the funds received by him upon the draft of
the president of the school board drawn upon
order, duly entered, of the board of trustees.
Said bond shall be further conditioned that
the treasurer shall safely keep and faithfully
disburse all funds coming into his hands as
treasurer, and shall faithfully pay over to
his successor all balances remaining in his
hands. . ."

Under this Article the School Board has author-
ity to select a treasurer, and we find no objection to
Union State Bank acting as treasurer since your request
states that the Bank has satisfied the requirements of
the Article.

The rule that proceeds of bond sales must be
devoted solely to the purpose for which the bonds were
issued is well established. The Attorney General's of-
fice has written numerous opinions holding that in the
absence of express statutory authority bond proceeds may
not be used for any purpose other than that for which
the bonds were issued. A "time deposit" signifies the

placing of money in an account from which it can only be withdrawn at the expiration of a specified and definite period set out in the deposit agreement. The usual minimum period of a time deposit is thirty (30) days, and the maximum period may be any agreed to by depositor and depository, so long as it is allowed by banking laws. Thus it differs from an open account which may be withdrawn at any time on demand of the depositor. We find no statutory authority for bond proceeds of an independent school district to be placed in time deposits.

Neither do we find authority in the statutes to allow the school board or its treasurer to relinquish control of such bond proceeds at any time or for any period. If the treasurer, at the direction of the School Board or for any other reason, submitted money from bond proceeds to a time deposit, such action would constitute the treasurer's loss of control of such funds, and a diversion of the bond proceeds by the treasurer from a simple safekeeping to a use other than that for which the bonds were voted.

Although placing the funds in question in a time deposit would not constitute a "loan," the Supreme Court in City of Bonham v. Taylor, 81 Tex. 59, 16 S.W. 555 (1891), expressed the general rule on use and control of proceeds from bond sales in the following language:

> ". . . The city had power to raise a fund for the construction of water-works under the limitations imposed by law, but when such a fund was raised it could only be used for the specific purpose, and became, within the meaning of the law, a special fund. If it could be loaned for a day it could be loaned for such longer period as the city authorities might see proper to loan it, and thus a special fund be raised for a lawful purpose, and used for a purpose essentially unlawful. It may be replied that in this case the city, under the agreement with the Fannin County Bank, would not have been bound to leave the fund with that bank for any definite period if it needed the money to use for the purpose for which it was raised, but this does not affect the law of the case. . . The treasurer might have selected the borrowing bank as a depositary

of the fund, but if, in pursuance of an un-
lawful order, he had delivered the fund to
that bank as a borrower, he and the sureties
on his bond would have been liable for a mis-
appropriation of the fund, . . ."

We believe the principles expressed as to use
of funds dedicated to a specific purpose and loss of con-
trol of such funds, apply to the situation presented by
the desired action of the Carrizo Springs School Board.

## SUMMARY

Proceeds of the sale of bonds by an in-
dependent school district may not be placed
on time deposit by the treasurer of the dis-
trict in the absence of specific statutory
authority.

APPROVED:

George W. Sparks
Chief, Bond Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

Yours very truly

PRICE DANIEL
Attorney General

By Joe S. Moore
            Assistant

JSM:wb:jmc